# EXHIBIT SSS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- X
                                                  :

U.S. BANK NATIONAL ASSOCIATION,            :

                   Plaintiff,               :

               -against-              :      14 Civ. 04703 (SJF) (GRB)

SUN LIFE ASSURANCE COMPANY OF CANADA,   :

                  Defendant.           :

--------------------------------------------------------------------- X

## <u>DECLARATION OF AMY WELSH</u>

        1.       I am Senior Vice President and General Counsel of non-party Coventry First LLC ("<u>Coventry First</u>") and submit this declaration on that company's behalf.  I have personal knowledge of the facts described herein.

        2.       In 2005, LaSalle Bank, N.A., now Bank of America, N.A. ("<u>BOA</u>"), provided a premium financing loan ("<u>Loan</u>") for policy no.020119022 on the life of Peter Van de Wetering (the "<u>Policy</u>").  Coventry Capital I LLC, a separate legal entity from Coventry First, served as servicer and loan administrator for the life insurance premium financing program offered by LaSalle Bank.

        3.       The Policy was issued by Sun Life Insurance Company ("<u>Sun Life</u>") on or about December 2, 2005.  The initial owner of the Policy was the Peter Van de Wetering Revocable Life Insurance Trust #3 (the "<u>Trust #3</u>").

        4.       On December 20, 2007, more than two years after Sun Life issued the Policy, the Trust sold it Coventry First for $1,475,000.  Of that purchase price, $904,710.11 was remitted to BOA to satisfy the loan.  The Van de Wetering Family Trust #III received the remainder of the proceeds from the purchase price, $570,289.89.

5.     Coventry First received Verbal Verification of Coverage from Sun Life prior to the purchase of the Policy, which included confirmation from Sun Life that the Policy was past its contestability period.

6.     As a condition to the sale of the Policy, Coventry First received several representations from Trust #3 as the seller of the Policy in a Disclosure Statement and Seller Acknowledgment (the "Acknowledgment"), including, but not limited to, the following:

   a. That Trust #3 has a complete understanding of the Life Insurance Policy Purchase Agreement (the "Purchase Agreement") and the benefits of the Policy;

   b. that Trust #3 is signing the [Acknowledgement] freely and voluntarily and is of sound mind and not subject to any constraint or undue influence;

   c. that Trust #3 has had an opportunity to review the Purchase Agreement with Trust #3's attorneys and/or advisors; and

   d. that the Purchase Agreement enables Trust #3 to sell the Policy for cash at a discount from its face value and the purchase price is a fair and reasonable consideration for the Policy.

7.     Also as a condition to the sale of the Policy, Coventry First received several additional representations from Trust #3 in the Purchase Agreement, including, but not limited to, the following:

   a. That the benefits of the Policy including any portion of the death benefits, are incontestable, as set forth in the contestability provisions of the Policy and to the best of Trust #3's knowledge there are no facts or circumstances in existence as of the date of the Purchase Agreement which could serve as a defense to payment in full of the death benefits payable by Sun Life to the named beneficiaries upon the death of Mr. Van de Wetering;

   b. that the Policy is in full force and effect and the original owner of the Policy had an insurable interest at the time the Policy was first issued; and

   c. that no representation or warranty by Trust #3 or any other person or entity contained in the application for the Policy, or otherwise made

to Sun Life, contains any untrue statement of material fact, or omits to state a material fact necessary to make such representation and/or warranty not misleading in light of the circumstances under which such statement(s) were made.

8.    Neither Coventry First nor any of its affiliates are aware of any plan or agreement at or about the time the Policy was issued between or among Mr. Van de Wetering, his broker or any third party and Coventry First or any Coventry entity to sell or relinquish the Policy to Coventry First or any Coventry entity.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _2-18-16_                    _Amy Welsh_
                                          Amy Welsh

# EXHIBIT TTT

**Sun Life Assurance Company of Canada**
**Sun Life Assurance Company of Canada (U.S.)**
(Hereinafter referred to as "the Company")
One Sun Life Executive Park, Wellesley Hills, MA 02481

**Part II of Application for Life Insurance**



| 1. | Name of Proposed Insured  PETER VAN de WETERING | Application Number |
|----|--|--|

Please provide full details for all "Yes" answers on Page 2.

2. Are you being treated by diet, drugs or other means? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

3. Have you ever had, been told you have or been treated by a physician for:
   a. High blood pressure, chest discomfort, stroke, circulatory or heart disorder? . . . . . . . . . . . . . . . . . . . . . . .
   b. Diabetes, sugar in the urine, thyroid, or other glandular (endocrine) disorder? . . . . . . . . . . . . . . . . . . . . .
   c. Kidney, bladder, urinary, reproductive organ or prostate disorder? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   d. Protein (albumin), blood or pus in the urine, sexually transmitted disease or venereal disease? . . . . . . . .
   e. Cancer, tumor, polyp, or disorder of the skin or breast? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   f. Asthma, pneumonia, emphysema, or any other respiratory or lung disorder? . . . . . . . . . . . . . . . . . . . . . . .
   g. Seizure, convulsion, fainting, loss of consciousness, tremor, paralysis, or other disorder of the
      nervous system? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   h. Anxiety, depression, stress or any psychological or emotional condition or disorder? . . . . . . . . . . . . . . . .
   i. Colitis, hepatitis, ulcers, or other disorders of the stomach, liver or digestive system? . . . . . . . . . . . . . . .
   j. Arthritis, gout, back or joint pain, bone fracture, or muscle disorder? . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   k. Anemia, bleeding, or blood disorder? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   l. Acquired Immune Deficiency Syndrome (AIDS) or AIDS-Related Complex (ARC)? . . . . . . . . . . . . . . . . .
   m. A positive blood test for antibodies to the AIDS (HIV) virus? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

4. Have you:
   a. Regularly used amphetamines, marijuana, cocaine, hallucinogens, heroin or other drugs except
      as prescribed by a physician? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   b. Been treated or counseled for alcoholism or drug abuse? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   c. Been advised to reduce your consumption of alcohol? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

5. Do you have any health symptoms for which a physician has not been consulted or treatment received?
   For example, persistent fever, unexplained weight loss, loss of appetite, pain or swelling? . . . . . . . . . . . . . . .

6. Other than previously stated, have you within the past five years:
   a. Consulted a physician or any other practitioner, had a checkup, illness, surgery or been hospitalized? . .
   b. Had an electrocardiogram, stress or exercise test, x-ray, blood test or other diagnostic test? . . . . . . . . . . .
   c. Been advised to have, or scheduled, any diagnostic test, hospitalization or surgery which was
      not completed? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

7. Have any of your parents, brothers or sisters had diabetes, heart disease or high blood pressure? . . . . . . . . .

8. Family History

**Redacted**

| | Age(s) if Living | Age(s) at Death | State of Health or Cause of Death |
|--|--|--|--|
| Father | | | |
| Mother | | | |
| Brother(s) | | | |
| Sister(s) | | | |

Sun Life (Van de Wetering) - 1000082

Please provide full details for all "Yes" answers. (Include the dates, the results and the names and addresses of all attending physicians and medical facilities.)

| Question | Details |
|---|---|

Redacted

I declare that I have made no statement to the medical examiner, agent, or any other person connected with the Company which in any way qualifies or modifies the above answers which I have read and confirm to be full and true to the best of my knowledge and belief. I understand that any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects that person to criminal and civil penalties.

Signed at

| City/State WILMINGTON, DE | | Date (m/d/y) 11/2/05 |
|---|---|---|
| Signature of Person proposed for Insurance X *Pit Va de Witg* | in presence of (Medical or paramedical examiner will please sign here) X | |

UND 14/270

Page 2 of 4

Sun Life (Van de Wetering) - 1000083

**Medical Report on Proposed Insured**

| Name: PETER VAN DE WETERING | Birth Date (mo./d./yr.) Redacted | Age |
|---|---|---|
| Name of Agent: BRUCE MALTAS | Sales Office | |

Place of examination: ☐ My office ☐ Applicant's place of business Time _____ ☐ A.M. ☐ P.M.
☐ Applicant's residence ☐ Elsewhere

Please answer all questions as fully and carefully as possible and mail or deliver the report as indicated on Page 4.

**9.** Have you attended the applicant professionally? If so, for what and when? (Details on Page 4) . . . . . . . . . . . ☐ Yes ☐ No

**10.** Height: (In shoes) _____ ft. _____ ins. Weight: (In clothing) _____ lbs.
Have you measured him/her? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
Have you weighed him/her? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
Change in weight: ☐ No change ☐ Gain ☐ Loss _____ lbs. Reason for change: _____
Circumference of chest. In full inspiration: _____ In forced expiration: _____ Measure around abdomen: _____

**11.** Blood pressures. If the initial reading exceeds 140/90, read it again later and record all the readings in the order they were taken.

| | (1) | (2) | (3) | Any history of hypertension? |
|---|---|---|---|---|
| Systolic | | | | ☐ Yes ☐ No |
| Diastolic | | | | Pulse Rate |

**12. a.** Has the applicant used tobacco, (cigarettes, cigars, chewing tobacco, etc.) or products
containing nicotine (nicorette gum, nicotine patch, etc.) within the past 12 months? . . . . . . . . . . . . . . . ☐ Yes ☑ No
**b.** Has the applicant used tobacco or nicotine products in the past and stopped? . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☑ No
If yes, date stopped: _____

Questions 13-15 to be filled out only if exam is performed by a medical examiner.

Please give details of questions answered "Yes" on Page 4.

**13.** Is there any abnormality:
**a.** Of the oral cavity, eyes, ears, skin (including xanthelasma, xanthomata, arcus senilis)? . . . . . . . . . . . . ☐ Yes ☐ No
**b.** Of the lymph nodes or the thyroid gland? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
**c.** Of chest, spine or extremities? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
**d.** Of lungs on percussion and auscultation? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
**e.** Of the heart with respect to size and sounds? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

**14.** Is there:
**a.** Edema of the ankles? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
**b.** Intra-abdominal abnormality (enlarged liver, palpable spleen, palpable mass)? . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
**c.** Any surgical scar? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
**d.** A hernia? If so, describe. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
**e.** Abnormality of the nervous system (muscular power, reflexes, etc.)? . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
**f.** Inequality or inadequacy of the pulsations of the femoral, dorsalis pedis and posterial tibial arteries? . . . ☐ Yes ☐ No

**15. a.** Describe general appearance, e.g. vigorous and healthy, pale, sickly, etc.

**b.** Reviewing all the features, please give your medical diagnosis: ☐ Healthy and unimpaired ☐ Other (clarify)

Supplemental questions to be answered by examiner on applicants age 70 and over.

**16.** Did the Proposed Insured require any assistance, either by device (cane, walker, wheel chair, etc.)
or third party, to arrive at and participate in this examination? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

**17.** Did the Proposed Insured require any assistance from a third party to understand and answer the
questions from this exam? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

**18.** Does the Proposed Insured display any signs or symptoms of confusion, dementia or memory loss? . . . . . . ☐ Yes ☐ No

**19.** Does the Proposed Insured understand that this exam is related to the purchase of a life insurance
policy on his or her life? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

1/02

Sun Life (Van de Wetering) - 1000084

Please give details of questions answered "Yes."

| Question | Details |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

N.B. If you are aware of any additional facts, please submit them by private letter to the Medical Director at Sun Life Financial's U.S. Headquarters. Your letter will be held in strict confidence.

N.B. If you are not a regular examiner for this company, please state:

Signed at

| City/State | Date (m/d/y) |
|---|---|
|  |  |

| Signature of Medical or Paramedical Examiner<br>X | My fee for this report is<br>$ |
|---|---|
| Medical School (if applicable) |  |
| Your Address |  |

**Identification** To be filled out only if exam is performed by a paramedical examiner.

Proposed Insured Must Show Acceptable Form of Identification:
☐ Driver's License ☐ Employment I.D. ☐ Passport ☐ Green card ☐ Other picture/signature I.D.

In my opinion, the item checked is positive identification of proposed insured. . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No*

Proposed Insured speaks and understands the English language. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No*

*If either question answered "No," give details of negative reply:

MAIL/DELIVER IN SEALED ENVELOPE TO GENERAL AGENT OR MEDICAL DIRECTOR,
SUN LIFE FINANCIAL, WELLESLEY HILLS, MA 02481.

©2005 Sun Life Assurance Company of Canada, Wellesley Hills, MA 02481. All rights reserved. Sun Life Financial and the globe symbol are service marks of the Sun Life Assurance Company of Canada, a member of the Sun Life Financial group of companies.

Sun Life (Van de Wetering) - 1000085

Exhibit UUU – Filed Under Seal in Accordance with Motion to File Exhibit Under Seal

# EXHIBIT VVV

SURROGATE'S COURT OF THE STATE OF NEW YORK

COUNTY OF _____ **SUFFOLK** _____

| PROBATE PROCEEDING, WILL OF | |
|---|---|
| **PETER VAN DE WETERING** | FILED SURROGATE'S COURT SUFFOLK COUNTY |
| a/k/a | AUG – 8 2014 |
| | MICHAEL CIPOLLINO CHIEF CLERK |
| | Deceased. |

**WAIVER OF PROCESS; CONSENT TO PROBATE**

File No. _2014-2640_

TO THE SURROGATE'S COURT, COUNTY OF _____ **SUFFOLK** _____

The undersigned, being of full age and sound mind, residing at the address written below and interested in this proceeding as set forth in paragraph 6a of the petition, hereby waives the issuance and service of citation in this matter and consents that the court admit to probate the decedent's Last Will and Testament dated _____ **June 14, 2010** _____ and codicils, if any, dated _____ **July 13, 2012** _____

a copy of each of which testamentary instrument has been received by me, and that

[X] Letters Testamentary issue to: _____ **Joyce Van de Wetering and Jill Sanders** _____

[X] Letters of Trusteeship issue to:

**Joyce Van de Wetering, Jill Sanders** _____ of the following trusts: **The Peter Van de Wetering Marital Trust**

**Joyce Van de Wetering, Jill Sanders** _____ of the following trusts: **The Peter Van de Wetering Residuary Trust**

_____ of the following trusts: _____

_____ of the following trusts: _____

[ ] Further Relief Sought:

Dated: ___6/30/14___

_Signature_

**Anton Van de Wetering**
Print Name

**550 Eagle Nest Court**
Street Address

| **Laurel** | **New York** | **11948** | **United States** |
|---|---|---|---|
| City, Village, or Town | State | ZIP Code | Country |

**Son**
Relationship

Sun Life (Van de Wetering) - 1014316

STATE OF      **NEW YORK**
COUNTY OF     _Suffolk_     } ss.:

On the _20_ day of _June_, 20_14_, before me personally came ___Anton Van de Wetering___

to me known to be the person described in and who executed the foregoing instrument. Such person duly swore to such instrument before me and duly acknowledged that he/she executed the same.

Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

JEFFREY M. FETTER
Notary Public, State of New York
Qual. in Onon. Co., No. 02FE4805352
My Commission Expires Sept. 30, 20_14_

Anthony J. Grizanti
Print Name of Attorney

**Scolaro, Fetter, Grizanti, McGough & King, P.C.**
Firm

**(315) 471-8111**
Telephone

**507 Plum Street, Suite 300, Syracuse, New York 13204**
Address

Sun Life (Van de Wetering) - 1014317

At a Surrogate's Court of the State of New York held in and for the County of Suffolk at Riverhead, New York.

PRESENT: Hon. John M Czygier Jr, Surrogate

**DECREE GRANTING PROBATE**

**Probate Proceeding, Will of**
**Peter Van de Wetering**

**File No. 2014-2640**

Deceased.

A verified petition having been filed by Joyce Van de Wetering and Jill Sanders praying for a decree admitting to probate written instruments dated June 14, 2010 propounded as the Last Will and Testament of the above named decedent; and Codicil(s) dated July 13, 2012,; and

It satisfactorily appearing that all the persons required by law to be cited or who are interested in this proceeding have either failed to appear in response to a duly served citation or by their waiver and consent in writing duly executed and filed, waived the issuance and service upon them of a citation in this proceeding or have appeared and consented to the probate of the propounded instrument; and that notice of probate has been given to all persons entitled to such notice; and

The probate not having been contested; and proofs having been duly filed on behalf of the attesting witnesses to the foregoing testamentary instruments; and it appearing by such proofs that the same were duly executed and are genuine and valid and that the decedent at the time of executing same was in all respects competent to make a will and not under restraint; it is

ORDERED AND DECREED, that the instruments offered for probate herein be, and the same hereby are admitted to probate as the Last Will and Testament of the above-named decedent, valid to pass real and personal property, that the Will and this Decree be recorded and that Letters Testamentary issue to Joyce Van de Wetering and Jill Sanders upon properly qualifying for such office; and that if Preliminary Letters Testamentary were issued, the same are hereby revoked; and it is

ORDERED AND DECREED, that Letters of Trusteeship issue to Joyce Van de Wetering and Jill Sanders FBO The Peter Van de Wetering Marital Trust and Joyce Van de Wetering and Jill Sanders FBO Peter Van de Wetering Residuary Trust, upon properly qualifying for such office.

DATED: 8|11|14

John M Czygier Jr
Surrogate

FILED
SURROGATE'S COURT
SUFFOLK COUNTY

AUG 1 1 2014

MICHAEL CIPOLLINO
CHIEF CLERK

Sun Life (Van de Wetering) - 1014318

# Surrogate's Court of the County of Suffolk

On the Date Written Below LETTERS TESTAMENTARY were granted by the Surrogate's Court of Suffolk County, New York as follows:

**File #:  2014-2640**

Name of Decedent: **Peter Van de Wetering**     Date of Death: 05-28-2014

Domicile: **County of Suffolk**

Type of Letters Issued: **LETTERS TESTAMENTARY**

Fiduciaries Appointed: **Joyce Van de Wetering**
**Jill Sanders**

**Limitations: NONE**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated:  August 25, 2014

IN TESTIMONY WHEREOF,  the seal of the Suffolk County Surrogate's Court has been affixed.

WITNESS, Hon John M Czygier Jr, Judge of the Suffolk  County Surrogate's Court

*Michael Cipollino*

Michael Cipollino, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Suffolk County Surrogate's Court*

FILED
SURROGATES COURT
SUFFOLK COUNTY

AUG 2 5 2014

MICHAEL CIPOLLINO
CHIEF CLERK

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF _____ **SUFFOLK** _____

IN THE MATTER OF THE ESTATE OF

**PETER VAN DE WETERING**

a/k/a

**LIST OF ASSETS — INVENTORY**
(Rule § 207.20(a))

Deceased.

File No. _____ **2014-2640**

The undersigned, a fiduciary or an attorney for the above estate, certifies that the following recapitulation constitutes the gross estate (for tax purposes) of the above decedent. The following documents are attached:

[X] a detailed list of assets; OR

[ ] a copy of one of the following:

[ ] Form ET-90  [ ] ET-706  [ ] Form TT-385  [ ] Form 706  [ ] Form 706

IF FORM ET-90 OR ET-706 IS ATTACHED, ALL RIGHTS TO SECRECY UNDER TAX LAW § 994 ARE WAIVED.

*SURROGATES COURT SUFFOLK COUNTY FILED SEP 30 2015 MICHAEL CIPOLLINO CHIEF CLERK*

Date of Death: _____ **May 28, 2014** _____  Date of Letters: _____ **August 25, 2014** _____

Type of Letters: **Letters Testamentary, Letters of Trusteeship**

**Fiduciary Information:**

Name
**Joyce Van de Wetering**
Address (if changed)

Name
**Jill Sanders**
Address (if changed)

Name

Address (if changed)

Name

Address (if changed)

Name

Address (if changed)

Name

Address (if changed)

Name

Address (if changed)

Sun Life (Van de Wetering) - 1014320

| RECAPITULATION OF ATTACHED SCHEDULES | Non-probate, Joint or Trust Property | Individually Owned by Decedent or Payable to Estate |
|---|---|---|
| A. Real Estate | $ 300,000.00 | $ 0.00 |
| B. Stocks and Bonds | 0.00 | 219,342.00 |
| C. Mortgages, Notes, Cash, etc. | 243,183.00 | 1,590,942.00 |
| D. Insurance on Decedent's Life | 0.00 | 0.00 |
| E. Jointly Owned Property | 0.00 | |
| F. Miscellaneous & Trust Property | 0.00 | 3,017,642.00 |
| G. Transfers During Decedent's Life | 0.00 | 0.00 |
| H. Powers of Appointment | 0.00 | 0.00 |
| I. Annuities | 1,335,423.00 | 0.00 |
| TOTALS | $ 1,878,606.00 | $ 4,827,926.00 |

Cause of Action Pending for Wrongful Death or Conscious Pain and Suffering:

Amount Claimed $ 0.00

Filing Fee under § 2402(7)  $ 1,250.00

Filing Fee Initially Paid  $ 1,250.00

☐ Balance ☒ Refund Due $ 0.00

Certified to be true on: 9/2/15

_Jill S Sanders_
Signature

**Jill Sanders**
Print Name

**Anthony J. Grizanti**
Print Name of Attorney

**Scolaro, Fetter, Grizanti, McGough & King, P.C.**
Firm

**(315) 471-8111**
Telephone

**507 Plum Street, Suite 300, Syracuse, New York 13204**
Address

Sun Life (Van de Wetering) - 1014321

# GROSS ASSETS

## Schedule A: Real Estate (Individually Owned Property)

| Item | Description | Date of Death Value |
|------|-------------|---------------------|
| 1 | None | |
| **TOTAL SCHEDULE A** | | **$0.00** |

## Schedule B: Stocks and Bonds (Individually Owned)

| Item | Description, including face amount of bonds & number of shares | Date of Death Value |
|------|----------------------------------------------------------------|---------------------|
| 1 | Suffolk Bancorp, common, 7,835 shares @22.60 | 177,071.00 |
| 2 | Suffolk Greenway, Inc., prefferred stock, 1 share @1,000 | 1,000.00 |
| 3 | Fiduciary Claymore Mlp Opp Fd, common, 100 shares @27.03 plus dividend of 42.00 | 2,745.00 |
| 4 | Ishares Trust Tips Bd Etf, 20 shares @115.755 | 2,315.00 |
| 5 | Ishares Tr DJ US Index Fd, 40 shares @96.69 | 3,868.00 |
| 6 | Oppenheimer Conv Secs Fd Cl M, 150 shares @49.6160 | 7,442.00 |
| 7 | Rydex EFT Tr S&P Equal Weighted Index Fund, 125 shares @74.355 | 9,294.00 |
| 8 | Vanguard Bd Index Fd Inc Short Term Bond, 30 shares @ 80.48 | 2,414.00 |
| 9 | Vanguard Bd Index Fd Inc Total Bnd Mrkt, 25 shares @ 82.4150 | 2,060.00 |
| 10 | Vanguard Index Fds Reit ETF, 50 shares @ 74.0950 | 3,705.00 |
| 11 | Vanguard Index Fds Total Stk Mkt, 75 shares @99.0417 | 7,428.00 |
| **TOTAL SCHEDULE B** | | **$219,342.00** |

## Schedule C: Mortgages, Notes and Cash (Including Bank Deposits)
### (Jointly owned property should be reported at E; trust property at F)

| Item | Description | Date of Death Value |
|------|-------------|---------------------|
| 1 | Time Capital brokerage account, General Treasury Prime Class B, Money Market Funds | 40,942.00 |
| 2 | Promisory Notes, from Van de Wetering Greenhouses, Inc. to Peter Van de Wetering, dated 06/2004 | 100,000.00 |
| 3 | Promisory Notes, from Van de Wetering Greenhouses, Inc. to Peter Van de Wetering, dated 08/2005 | 100,000.00 |
| 4 | Promisory Notes, from Van de Wetering Greenhouses, Inc. to Peter Van de Wetering, dated 03/2003 | 350,000.00 |

Sun Life (Van de Wetering) - 1014322

| 5 | Promisory Notes, from Van de Wetering Greenhouses, Inc. to Peter Van de Wetering, dated 01/2008 | 200,000.00 |
| 6 | Promisory Notes, from Van de Wetering Greenhouses, Inc. to Peter Van de Wetering, dated 02/2010 | 200,000.00 |
| 7 | Promisory Notes, from Van de Wetering Greenhouses, Inc. to Peter Van de Wetering, dated 07/2004 | 200,000.00 |
| 8 | Promisory Notes, from Van de Wetering Greenhouses, Inc. to Peter Van de Wetering, dated 04/2004 | 200,000.00 |
| 9 | Promisory Notes, from Van de Wetering Greenhouses, Inc. to Peter Van de Wetering, dated 02/2008 | 200,000.00 |
| **TOTAL SCHEDULE C** | | **$1,590,942.00** |

### Schedule D: Insurance on Decedent's Life

#### (1) Payable to Estate

| Item | Description | Date of Death Value |
|------|-------------|---------------------|
| | NONE | |
| **TOTAL PAYABLE TO ESTATE** | | **$0.00** |

#### (2) Payable to Named Beneficiary

| Item | Description | Date of Death Value |
|------|-------------|---------------------|
| 1 | MetLife Insurance Co., policy #7436056, policy owned by trust and beneficiary is trust, Insured: Peter Van de Wetering and Joyce Van de Wetering, value to estate: $0.00 | 0.00 |
| 2 | MetLife Insurance Co., policy #7436057, policy owned by trust and beneficiary is trust, Insured: Peter Van de Wetering and Joyce Van de Wetering, value to estate: $0.00 | 0.00 |
| **TOTAL PAYABLE TO NAMED BENEFICIARY** | | **$0.00** |

### Schedule E: Jointly Owned Property (Real & Personal Property)

#### (1) Real Estate

| Item | Description | Joint Tenant | Date of Death Value |
|------|-------------|--------------|---------------------|
| 1 | Real property - Residence at 903 Sound Shore Road, Town of Riverhead, State of New York, held as joint tenant with right of survivorship with Joyce Van de Wetering, full appraised value: 600,000. | Joyce Van de Wetering, surviving spouse | 300,000.00 |

Sun Life (Van de Wetering) - 1014323

| TOTAL REAL ESTATE | | | $300,000.00 |

## (2) Stocks and Bonds

| Item | Description | Joint Tenant | Date of Death Value |
|------|-------------|--------------|---------------------|
|      | NONE        |              |                     |
| **TOTAL STOCKS AND BONDS** | | | **$0.00** |

## (3) Mortgages, Notes and Cash

| Item | Description | Joint Tenant | Date of Death Value |
|------|-------------|--------------|---------------------|
| 1 | Suffolk County National Bank, checking account Redacted , full value of account: 420,864 | Joyce Van de Wetering | 210,432.00 |
| 2 | Suffolk County National Bank, checking account Redacted , full value of account: 65,501 | Joyce Van de Wetering | 32,751.00 |
| **TOTAL MORTGAGES, NOTES AND CASH** | | | **$243,183.00** |

## (4) Miscellaneous Goods and Furnishings

| Item | Description | Joint Tenant | Date of Death Value |
|------|-------------|--------------|---------------------|
|      | NONE        |              |                     |
| **TOTAL MISCELLANEOUS GOODS AND FURNISHINGS** | | | **$0.00** |
| **TOTAL SCHEDULE E** | | | **$543,183.00** |

## Schedule F: Other Miscellaneous Property

### (1) Individually Owned

| Item | Description | Date of Death Value |
|------|-------------|---------------------|
| 1 | Van de Wetering Capital, LLC, decedent held a 50% interest in the business entity, full value as per appraisal: 2,176,000 | 1,088,000.00 |
| 2 | Van de Wetering, Inc. decedent held a 51% interest in the business entity, full value as per valuation provided: 441,944 | 225,391.00 |
| 3 | Deferred Compensation Agreement with Van de Wetering Greenhouse, Inc. | 1,667,986.00 |
| 4 | Lexus automobile | 36,265.00 |
| **TOTAL INDIVIDUALLY OWNED PROPERTY** | | **$3,017,642.00** |

### (2) Firearms

Sun Life (Van de Wetering) - 1014324

| Item | Description | Date of Death Value |
|------|-------------|--------------------:|
|      | NONE        |                     |
| **TOTAL FIREARMS** |  | **$0.00** |

### (3) Assets Passing to the Estate from Employment

| Item | Description | Date of Death Value |
|------|-------------|--------------------:|
|      | NONE        |                     |
| **TOTAL ASSETS PASSING TO THE ESTATE FROM EMPLOYMENT** |  | **$0.00** |

### (4) Trust Property

| Item | Description | Date of Death Value |
|------|-------------|--------------------:|
|      | NONE        |                     |
| **TOTAL TRUST PROPERTY** |  | **$0.00** |

### Schedule G: Transfers During Decedent's Life

| Item | Description | Date of Death Value |
|------|-------------|--------------------:|
|      | NONE        |                     |
| **TOTAL TRANSFERS DURING DECEDENT'S LIFE** |  | **$0.00** |

### Schedule H: Powers of Appointment

| Item | Description | Date of Death Value |
|------|-------------|--------------------:|
|      | NONE        |                     |
| **TOTAL NON-PROBATE, JOINT OR TRUST** |  | **$0.00** |
| **TOTAL INDIVIDUALLY OWNED BY DECEDENT OR PAYABLE TO ESTATE** |  | **$0.00** |

### Schedule I: Annuities

| Item | Description | Date of Death Value |
|------|-------------|--------------------:|
| 1 | Suffolk County National Bank, IRA account #   Redacted   , beneficiary: Joyce Van de Wetering. | 665,143.00 |
| 2 | Suffolk County National Bank, IRA account ;   Redacted   , beneficiary: Joyce Van de Wetering. | 670,280.00 |
| **TOTAL NON-PROBATE, JOINT OR TRUST** |  | **$1,335,423.00** |

Sun Life (Van de Wetering) - 1014325

| TOTAL INDIVIDUALLY OWNED BY DECEDENT OR PAYABLE TO ESTATE | $0.00 |
|---|---|

## Cause of Action
(for Decedent's wrongful death and for conscious pain and suffering, as well as any other type of action)

| Description | Court in Which Action Pending | Index Number | Demanded |
|---|---|---|---|
| NONE | | | |
| TOTAL AMOUNT CLAIMED | | | $0.00 |

Sun Life (Van de Wetering) - 1014326

# Surrogate's Court of the County of Suffolk

On the Date Written Below LETTERS OF TRUSTEESHIP were granted by the Surrogate's Court of Suffolk County, New York as follows:

**File #: 2014-2640/A**

Name of Decedent: **Peter Van de Wetering**   Date of Death: 05-28-2014

Domicile: **County of Suffolk**

Type of Letters Issued: **LETTERS OF TRUSTEESHIP**

Fiduciaries Appointed: **Joyce Van de Wetering**
**Jill Sanders**

For The Benefit Of: THE PETER VAN DE WETERING MARITAL TRUST

**Limitations: NONE**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: August 25, 2014

IN TESTIMONY WHEREOF, the seal of the Suffolk County Surrogate's Court has been affixed.

WITNESS, Hon John M Czygier Jr, Judge of the Suffolk County Surrogate's Court

_Michael Cipollino_

Michael Cipollino, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Suffolk County Surrogate's Court*

FILED
SURROGATES COURT
SUFFOLK COUNTY

AUG 2 5 2014

MICHAEL CIPOLLINO
CHIEF CLERK

# Surrogate's Court of the County of Suffolk

On the Date Written Below LETTERS OF TRUSTEESHIP were granted by the Surrogate's Court of Suffolk County, New York as follows:

**File #: 2014-2640/B**

Name of Decedent: **Peter Van de Wetering**  Date of Death: 05-28-2014

Domicile: **County of Suffolk**

Type of Letters Issued: **LETTERS OF TRUSTEESHIP**

Fiduciaries Appointed: **Joyce Van de Wetering**
**Jill Sanders**

For The Benefit Of: PETER VAN DE WETERING RESIDUARY TRUST

**Limitations: NONE**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: August 25, 2014

IN TESTIMONY WHEREOF, the seal of the Suffolk County Surrogate's Court has been affixed.

WITNESS, Hon John M Czygier Jr, Judge of the Suffolk County Surrogate's Court

*Michael Cipollino*

_____
Michael Cipollino, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Suffolk County Surrogate's Court*

FILED
SURROGATES COURT
SUFFOLK COUNTY

AUG 2 5 2014

MICHAEL CIPOLLINO
CHIEF CLERK

Sun Life (Van de Wetering) - 1014328

# EXHIBIT WWW

# INSURED'S DISCLOSURE STATEMENT, ACKNOWLEDGMENT AND CONSENT AND AGREEMENT

| INSURED: | Peter Van de Wetering |
|---|---|

I, the undersigned, refer to the transactions contemplated by that certain Note and Security Agreement (the "Note") between Peter Van de Wetering Revocable Life Insurance Trust #3, Premium Finance Sub-Trust (together, with its successors and assigns, the "Borrower") and the lender named therein (in such capacity, together, with its successors, assigns and agents, the "Lender"), under which Borrower shall be provided loans to procure certain life insurance policies which have been identified to the Lender (the "Policies"). The Note, the Trust Agreement, Supplement to Trust Agreement and each of the documents contemplated thereby or delivered in connection therewith are sometimes referred to collectively as the "Transaction Documents." Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the Transaction Documents.

The undersigned, as Insured, does hereby acknowledge that Insured has read each of the Transaction Documents that require the Insured's signature and further acknowledges, represents and warrants the following:

1.  Insured has had the opportunity to review each of the Transaction Documents that require the Insured's signature with Insured's attorneys and/or advisors, to ask of Insured's attorneys and/or advisors such questions as Insured has desired with respect to such documents and has received satisfactory answers to Insured's questions. Insured has a complete understanding of each of the Transaction Documents that require the Insured's signature.

2.  Insured has not relied upon any advice from the Lender, the Program Administrator, or any affiliate of the Program Administrator, regarding its involvement in this transaction, and has not received and is not relying on any oral or written representations from any person that are inconsistent with or contrary to the information contained in this document or the other Transaction Documents that require the Insured's signature. Insured is signing this document and the other relevant Transaction Documents freely and voluntarily and is of sound mind and not subject to any constraint or undue influence, and has never been the subject of any mental health or mental competency proceeding or other proceeding or hearing with respect to which Insured's competency or capacity to contract is or was an issue.

3.  Insured understands that the Lender, the Program Administrator, any insurance company providing insurance coverage relating to the value of the Policies, as well as third parties, will be acting in reliance upon the undertakings of the undersigned Insured set forth in this document.

As a condition to the consummation of the transactions contemplated by the Transaction Documents, and as consideration of the benefits to the Borrower to be derived from the Transaction Documents, the undersigned, as Insured agrees to:

1.  Take all actions relating to the Policies that may be necessary or desirable from time to time in the Lender's discretion (but at no cost or expense to the Insured), including, but not limited to (i) executing all such documents as may be required by the Lender or the Insurer, in connection with the terms and conditions of the Transaction Documents, and (ii) cooperating in any way reasonably requested by Lender from time to time, including, but not limited to, assisting in keeping any of the Policies in force, or liquidating any of the Policies upon a default, or a relinquishment of any of the Policies, under the Note.

2.  Notify the Program Administrator in writing of any change in my address promptly after any such change.

Insured Initials *P V W*

M003871

3. Direct my executor, administrator and/or personal representative to provide the Program Administrator with a certified copy of my death certificate promptly after my death.

4. In the event that I receive any proceeds derived or to be derived from the Policies which I am not entitled to receive pursuant to the Transaction Documents: (i) hold such proceeds in constructive trust for the benefit of the Lender; (ii) immediately notify the Lender of such receipt; (iii) immediately transfer, convey and pay over such proceeds to the Lender; and (iv) take any and all actions reasonably requested by the Lender in order to change the payment instructions with respect to the Policies such that proceeds therefrom are payable solely to the Lender.

5. Hold each of the Lender, the Program Administrator, any affiliate of the Program Administrator and any insurance company providing insurance coverage relating to the value of the Policies, harmless, and indemnify each of them from and against any loss, liability, expense, claim, or demand arising out of or in connection with (i) my failure to perform any of my obligations herein (or the failure of the Borrower to perform any of its obligations in any of the Transaction Documents) and/or (ii) any representation, and/or information provided, by me, the Borrower, or any of our agents, to the Lender or the Program Administrator being found to be false or materially misleading (collectively, "Losses"), except for those Losses resulting directly from the gross negligence or willful misconduct of either the Lender or the Program Administrator. The foregoing indemnity shall survive the termination of this Consent and Agreement and the Transaction Documents.

Any and all notices required or permitted under this Consent and Agreement shall be in writing, and sent by either certified mail, or registered mail, return receipt requested, postage prepaid, or via a nationally recognized overnight delivery service which provides proof of delivery, to the party to whom it is directed at such party's address set forth below, or at such other address provided in a notice as prescribed herein. Any such notice duly given pursuant to this Consent and Agreement shall be deemed effective (a) in the case of certified mail or registered mail, return receipt requested, at the time indicated on the receipt, and (b) in the case of delivery via a nationally recognized overnight delivery service, at the time of delivery.

Insured:

Peter Van de Wetering
903 Sound Shore Road
Riverhead, NY 11901

Program Administrator:

Coventry Capital
Attn: Legal Department
7111 Valley Green Road
Fort Washington, PA 19034-2209

Please complete the following information in order that we may remain in contact with you. We will maintain this information in confidence, subject to applicable law, the disclosure contemplated by the Note and the reasonable requirements of our business. This listing is for our records only and not for solicitation purposes. Please contact our offices at the following address should your contact information change:

Coventry Corporate Center
7111 Valley Green Road
Fort Washington, PA 19034-2209
Attention: Contract Services
(fax) 215-753-6442

Insured Initials *P V W*

2

Insured designates the following two (2) individuals ("Designees") who may be contacted for inquiries about Insured's health status as it relates to any liquidation of the Policies (including, without limitation, in connection with a relinquishment or foreclosure).

Designee # 1 (Must be Insured's nearest Living Relative)

Name: WALTER GRAVAGNA

Address: 7 PINTAIL COURT

RIVERHEAD, NY 11901

Telephone: (631) 369-6686

Relationship: 

Designee # 2

Name: CHRISTOPHER SANTINI

Address: 51 E. MAIN STREET

SMITHTOWN, NY 11787

Telephone: (631) 366-0070

Relationship: 

Except to the extent that any party shall seek equitable relief, all other disputes and controversies of every kind and nature between the Program Administrator and the Insured arising out of or in connection with this Consent and Agreement including, but not limited to, its existence, construction, validity, interpretation or meaning, performance, non-performance, enforcement, operation, breach, continuance, or termination thereof shall be submitted and settled by arbitration in accordance with the rules of the American Arbitration Association. The arbitration shall be held in Philadelphia, Pennsylvania before a panel of three (3) arbitrators, hereafter collectively referred to as "arbitrator", knowledgeable in the business of life insurance, one to be chosen by each party, and the third to be chosen by the two previously chosen arbitrators. The arbitrator's decision and award shall be final and binding and may be entered in any court having jurisdiction thereof. The arbitrator shall not have the power to award punitive, exemplary, or consequential damages. **THIS CONSENT AND AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF ILLINOIS, WITHOUT REGARD TO CHOICE OF LAW DOCTRINE, AND ANY APPLICABLE LAWS OF THE UNITED STATES OF AMERICA.**

**I UNDERSTAND THAT IT IS A CRIME TO KNOWINGLY PRESENT FALSE, INCOMPLETE OR MISLEADING INFORMATION TO ANY INSURANCE COMPANY OR FINANCIAL INSTITUTION FOR THE PURPOSES OF DEFRAUDING SUCH COMPANY. PENALTIES MAY INCLUDE IMPRISONMENT, FINES, DENIAL OF BENEFITS AND CIVIL DAMAGES.**

Insured Initials  P V W

M003873

**INSURED**

X _T. Van de Wetering_
(Signature of Insured)

Peter Van de Wetering
(Printed name of Insured)

**NOTARY**

State of NEW YORK )
                                        ) SS:
County of SUFFOLK )

Subscribed and affirmed to before me this 19th day of October, 2005

(Seal) _Felicia Cerrella_
(Signature of Notary Public)

FELICIA CERRELLA
Notary Public, State of New York
No. 4937123
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires July 11, 2006

My commission expires: _____

Insured Initials _PVW_

4