FILED
CLERK

3:07 pm, Jan 24, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION,

        Plaintiff,

  -against-

SUN LIFE ASSURANCE COMPANY OF CANADA,

        Defendant.
----------------------------------------------------------------------X

**ORDER**
14-CV-4703 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court are: (1) the objections of plaintiff U.S. Bank National Association ("U.S. Bank") to so much of the Report and Recommendation of the Honorable Arlene Rosario Lindsay, United States Magistrate Judge, dated August 30, 2016 ("the Report"), as (a) finds that Delaware law governs the instant dispute and that the life insurance policy at issue ("the Policy") is void *ab initio* under Delaware law and, thus, recommends (i) that the branches of the motion of defendant Sun Life Assurance Company of Canada ("Sun Life") seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Count I of the complaint for judgment declaring that U.S. Bank is due the death benefit under the Policy, and on its first two counterclaims against U.S. Bank, be granted; and (ii) that U.S. Bank's motion for summary judgment on Count I of the complaint be denied, (b) recommends that U.S. Bank's affirmative defenses to Sun Life's counterclaims against it fail as a matter of law and do not preclude summary judgment in Sun Life's favor, and (c) finds that U.S. Bank is only entitled to a return of the premiums it paid out on the Policy and does not award prejudgment interest thereon; and (2) Sun Life's objections to so much of the Report as (a)

1

recommends that "U.S. Bank is entitled to a return of the premiums it paid out on the Policy and that U.S. Bank's motion for summary judgment with regard to Court II [of the complaint seeking judgment declaring that Sun Life must return all premium payments paid for the Policy] be granted and Sun Life's motion for summary judgment [dismissing Count II of the complaint be] denied[,]" (Report at 38), and (b) finds that "Sun Life is not entitled to recover damages as a result of the issuance of the Policy." (*Id*.) For the reasons stated herein, Magistrate Judge Lindsay's Report is accepted in its entirety.

I. DISCUSSION

A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Objections

U.S. Bank contends, *inter alia*, that Magistrate Judge Lindsay erred: (1) in finding that Delaware law, not New York law, applied; (2) in concluding that, if Delaware law applied, the Policy lacked an insurable interest at inception and was void *ab initio*; (3) in rejecting U.S.

Bank's affirmative defenses; and (4) in failing (a) to require Sun Life to refund the premiums it received prior to U.S. Bank's purchase of the Policy, the value of which was purportedly incorporated in the purchase price U.S. Bank paid for the Policy in order to compensate the prior owner of the Policy, and (b) to award U.S. Bank prejudgment interest on the refunded premium payments to which she found that it was entitled, totaling one million nine hundred ninety-two thousand five hundred fifty-three dollars and ninety-four cents ($1,992,553.94).

Sun Life contends, *inter alia*, that Magistrate Judge Lindsay erred in recommending that the branch of its motion seeking summary judgment dismissing Count II of the complaint for judgment declaring that Sun Life must return the premiums that U.S. Bank paid on the Policy be denied, and that summary judgment should be entered in favor of U.S. Bank on that claim, because: (1) U.S. Bank never moved for summary judgment on that claim; (2) in recommending a premium refund, the Report applied the remedy of rescission, which is inapplicable to void transactions; and (3) "it would be inequitable [a] to allow any premium refund given the Reports' [sic] finding that this illegal policy transaction was instigated as part of a STOLI [stranger-originated life insurance] scheme[,] and [b] to allow a premium refund without, at the very least, providing Sun Life with a credit and setoff for the $722,205.28 in commissions that it paid on this illegal policy transaction." (Sun Life Obj. at 3).

Upon *de novo* review of the Report, the operative pleadings and all motion papers, and consideration of the parties' objections to the Report and their respective responses thereto, the objections are overruled; the Report is accepted in its entirety; and, for the reasons set forth in the Report, (1) the branches of Sun Life's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (a) on its first and second counterclaims against U.S. Bank

3

for judgment declaring (i) that the Policy was an illegal wagering contract that violated the Delaware Constitution and the public policy of Delaware; and (ii) that the Policy lacked an insurable interest at inception, thus rendering the Policy void *ab initio*, (b) dismissing Count I of U.S. Bank's complaint for judgment declaring, *inter alia*, "that an insurable interest existed at the inception of the Policy and that Sun Life must pay U.S. Bank the $10,000,000 death benefit owed to it[,]" (Compl., ¶ 39), and (c) dismissing U.S. Bank's affirmative defenses to its counterclaims, are granted; (2) Sun Life is granted judgment as a matter of law (a) declaring (i) that the Policy was an illegal wagering contract that violated the Delaware Constitution and the public policy of Delaware, thus rendering the Policy void *ab initio*; and (ii) that the Policy lacked an insurable interest at inception, thus rendering the Policy void *ab initio*, (b) dismissing Count I of the complaint in its entirety with prejudice, and (c) dismissing U.S. Bank's affirmative defenses to its counterclaims; (3) the branch of Sun Life's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Count II of U.S. Bank's complaint for judgment declaring "that Sun Life is required to return all premiums [sic] payments paid for the Policy to Sun Life, plus interest[,]" (Compl., ¶ 43), is denied and U.S. Bank is granted judgment as a matter of law declaring that Sun Life is required to return to it the premiums U.S. Bank paid out on the Policy in the total amount of one million nine hundred ninety-two thousand five hundred fifty-three dollars and ninety-four cents ($1,992,553.94); and (4) U.S. Bank's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied.

II. CONCLUSION

For the reasons set forth herein, Magistrate Judge Lindsay's Report is accepted in its entirety and, for the reasons set forth in the Report: (1) the branches of Sun Life's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (a) on its first and second counterclaims for judgment declaring (i) that the Policy was an illegal wagering contract that violated the Delaware Constitution and the public policy of Delaware, and (ii) that the Policy lacked an insurable interest at inception, thus rendering the Policy void *ab initio*, (b) dismissing Count I of U.S. Bank's complaint for judgment declaring, *inter alia*, "that an insurable interest existed at the inception of the Policy and that Sun Life must pay U.S. Bank the $10,000,000 death benefit owed to it[,]" (Compl., ¶ 39), and (c) dismissing U.S. Bank's affirmative defenses to its counterclaims, are granted; (2) Sun Life is granted judgment as a matter of law (a) declaring (i) that the Policy was an illegal wagering contract that violated the Delaware Constitution and the public policy of Delaware, thus rendering the Policy void *ab initio*; and (ii) that the Policy lacked an insurable interest at inception, thus rendering the Policy void *ab initio*, (b) dismissing Count I of the complaint in its entirety with prejudice, and (c) dismissing U.S. Bank's affirmative defenses to its counterclaims; (3) the branch of Sun Life's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Count II of U.S. Bank's complaint for judgment declaring "that Sun Life is required to return all premiums [sic] payments paid for the Policy to Sun Life, plus interest[,]" (Compl., ¶ 43), is denied and U.S. Bank is granted judgment as a matter of law declaring that Sun Life is required to return to it the premiums U.S. Bank paid out on the Policy in the total amount of one million nine hundred ninety-two thousand five hundred fifty-three dollars and ninety-four cents

($1,992,553.94); and (4) U.S. Bank's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 24, 2017
       Central Islip, New York