**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION,

                Plaintiff,

  - against -

SUN LIFE ASSURANCE COMPANY OF CANADA,

                Defendant.
-------------------------------------------------------X

**JUDGMENT**
CV 14-4703 (SJF)(ARL)

FILED
CLERK
3:49 pm, Jan 27, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

      An Order of Honorable Sandra J. Feuerstein, United States District Judge, having been filed on January 24, 2017, adopting in its entirety the August 30, 2016 Report and Recommendation of United States Magistrate Judge Arlene Rosario Lindsay; (1) granting the branches of defendant Sun Life Assurance Company of Canada's ("Sun Life") motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (a) on its first and second counterclaims for judgment declaring (I) that the Policy was an illegal wagering contract that violated the Delaware Constitution and the public policy of Delaware, and (ii) that the Policy lacked an insurable interest at inception, thus rendering the Policy void *ab initio*, (b) dismissing Count I of plaintiff U.S. Bank National Association's ("U.S. Bank") complaint for judgment declaring, *inter alia*, "that an insurable interest existed at the inception of the Policy and that Sun Life must pay U.S. Bank the $10,000,000 death benefit owed to it[,]" (Compl., ¶ 39), and (c) dismissing U.S. Bank's affirmative defenses to its counterclaims; (2) granting Sun Life judgment as a matter of law (a) declaring (I) that the Policy was an illegal wagering contract that violated the Delaware Constitution and the public policy of Delaware, thus rendering the Policy void *ab initio*; and (ii) that the Policy lacked an insurable interest at inception, thus rendering the Policy void *ab initio*, (b) dismissing Count I of the complaint in its entirety with prejudice, and (c) dismissing U.S. Bank's affirmative defenses to its counterclaims; (3) denying the branch of Sun Life's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Count II of U.S. Bank's complaint for judgment declaring "that Sun Life is required to return all premiums [sic] payments paid for the Policy to Sun Life, plus interest[,]" (Compl., ¶ 43), and granting U.S. Bank judgment as a matter of law declaring that Sun Life is required to return to it the premiums U.S. Bank paid out on the Policy in the total amount of one million nine hundred ninety-two thousand five hundred fifty-three dollars and ninety-four cents ($1,992,553.94); (4) denying U.S. Bank's motion for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure; and directing the Clerk of the Court to enter judgment in accordance with this Order, and close this case, it is

**ORDERED AND ADJUDGED** that (1) the branches of Sun Life's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (a) on its first and second counterclaims for judgment declaring (I) that the Policy was an illegal wagering contract that violated the Delaware Constitution and the public policy of Delaware, and (ii) that the Policy lacked an insurable interest at inception, thus rendering the Policy void *ab initio*, (b) dismissing Count I of U.S. Bank's complaint for judgment declaring, *inter alia*, "that an insurable interest existed at the inception of the Policy and that Sun Life must pay U.S. Bank the $10,000,000 death benefit owed to it[,]" (Compl., ¶ 39), and (c) dismissing U.S. Bank's affirmative defenses to its counterclaims, are granted; (2) that Sun Life is granted judgment as a matter of law (a) declaring (I) that the Policy was an illegal wagering contract that violated the Delaware Constitution and the public policy of Delaware, thus rendering the Policy void *ab initio*; and (ii) that the Policy lacked an insurable interest at inception, thus rendering the Policy void *ab initio*, (b) dismissing Count I of the complaint in its entirety with prejudice, and (c) dismissing U.S. Bank's affirmative defenses to its counterclaims; (3) that the branch of Sun Life's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Count II of U.S. Bank's complaint for judgment declaring "that Sun Life is required to return all premiums [sic] payments paid for the Policy to Sun Life, plus interest[,]" (Compl., ¶ 43), is denied and U.S. Bank is granted judgment as a matter of law declaring that Sun Life is required to return to it the premiums U.S. Bank paid out on the Policy in the total amount of one million nine hundred ninety-two thousand five hundred fifty-three dollars and ninety-four cents ($1,992,553.94); (4) that U.S. Bank's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied; and that this case is hereby closed.

Dated: Central Islip, New York
      January 27, 2017

                                      DOUGLAS C. PALMER
                                      CLERK OF THE COURT
                             By:    /s/ James J. Toritto
                                      Deputy Clerk